United States District Court
Eastern District of New York

-----------------------------------X

Anna Mallett,

          Plaintiff,             **Memorandum and Order**

  - against -           No. 24-cv-5463 (KAM) (ST)

Town of Huntington,

          Defendant.

-----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

Plaintiff Anna Mallett ("Plaintiff" or "Mallett") initiated this action on August 5, 2024 against the Town of Huntington ("Defendant" or "Huntington"), alleging a violation of her First Amendment rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 after she was not permitted to speak at a Town of Huntington Zoning Board of Appeals ("ZBA") hearing held on January 18, 2024 (the "January 18, 2024 Hearing"). (*See* ECF No. 1, "Compl.") Plaintiff is seeking compensatory damages in the amount of $250,000. (ECF No. 1, Compl. ¶ 67.)

Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* ECF No. 15, "Not. of Mot."; ECF No. 15-1, "Def. Mot."; ECF No. 15-2, "Evers Aff."; ECF No. 17, "Def. Reply".)

Plaintiff opposes Defendant's motion.  (ECF No. 16, "Pl. Opp.")

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and Defendant's motion to dismiss the Complaint is **GRANTED**.

**BACKGROUND**

**I.    Procedural Background**

On September 19, 2024, Defendant moved for a pre-motion conference to discuss its anticipated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* ECF No. 10, Def. PMC Letter.)  Plaintiff opposed Defendant's motion on September 24, 2024.  (*See* ECF No. 11, Pl. PMC Letter.)  On October 7, 2024, the Court waived the pre-motion conference requirement and set a briefing schedule for Defendant's anticipated motion to dismiss.  (*See* ECF Dkt. Order dated Oct. 7, 2024.)

The Court's briefing schedule permitted Plaintiff to file an amended complaint by November 18, 2024, after receiving Defendant's motion to dismiss the Complaint, and advised Plaintiff that "it is unlikely that Plaintiff will have a further opportunity to amend."  (*See* ECF No. 12, Order dated Oct. 7, 2024.)  Plaintiff declined to amend the Complaint and instead filed an opposition to Defendant's motion to dismiss on November 11, 2024.  (*See* ECF No. 16, Pl. Opp.)  Defendant filed a reply on December 2, 2024.  (*See* ECF No. 17, Def. Reply.)  The Court now considers Defendant's fully

briefed motion.  (*See generally* ECF Nos. 15, 16, 17.)

## II. Extrinsic Evidence

In connection with their respective fillings, both Parties have submitted numerous exhibits.  (*See, e.g.*, ECF No. 15-2, Evers Decl.; ECF Nos. 15-3 to 15-24, Def. Exs; ECF Nos. 16-1, 16-2, Pl. Exs.)  Defendant's motion to dismiss affixes exhibits that are available to the public on the internet through the Town of Hempstead website or the New York State Unified Court System Electronic Filing ("NYSCEF") website.  (*See* ECF No. 15-2, Evers Decl.; ECF Nos. 15-3 to 15-24, Def. Exs.)  Plaintiff's opposition affixes six exhibits containing publicly available documents (*See* ECF No. 16-2, Pl. Exs. 1-4, 6-7) as well as emails between Plaintiff and various individuals that were not affixed to or referenced in the Complaint.  (*See* ECF No. 16-2, Pl. Ex. 5.)

Although "[w]hen considering a motion to dismiss, the Court's review is confined to the pleadings themselves," the Court's "consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, would not convert the motion to dismiss into one for summary judgment." *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002).

One publicly available document Defendant affixes to its motion to dismiss is the transcript of the January 18, 2024 Hearing.  (*See* ECF No. 15-19, Def. Ex. Q.)  Plaintiff describes

the events of the January 18, 2024 Hearing at length in her complaint and notes that "[t]he video of this proceeding is available on the town video of ZBA hearings."[1]  (Compl. ¶ 56.) Plaintiff does not, however, affix the video or transcript to her Complaint.  Accordingly, as the events of the January 18, 2024 Hearing are the subject of Plaintiff's claim and are described in detail in the Complaint, the Court finds that the video and transcript of the January 18, 2024 Hearing are both integral to and incorporated by reference in the Complaint and may be considered when evaluating the sufficiency of the Complaint.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.") (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998), *cert denied*, 525 U.S. 1103 (1999)).

As to the remaining publicly available exhibits affixed to both Parties' submissions, generally, a district court may "take judicial notice of all documents in the public record." *Missere v. Gross*, 826 F. Supp. 2d 542, 553 (S.D.N.Y. 2011).  Indeed, "[c]ourts in this District [have] routinely take[n] judicial notice of state administrative records," *Sahni v. Staff Att'ys Ass'n*, No. 14-cv-9873 (NSR), 2016 WL 1241524, at *5 (S.D.N.Y. Mar.

---

[1] *See* Public Hearing #: 23193, Huntington Town Television (Jan. 18, 2023), https://huntingtonny.granicus.com/player/clip/3366?view_id=3&meta_id=66437&redirect=true [https://perma.cc/5N28-B5TK].

4

23, 2016), as well as "documents retrieved from official government websites." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (collecting cases). Thus, the Court will take judicial notice of the remaining official public records affixed to the Parties submissions "only to establish their existence and legal effect, or to determine what statements they contained[,] not for the truth of the matters asserted." *2002 Lawrence R. Buchalter Alaska Tr. v. Phil. Fin. Life Assur. Co.*, 96 F. Supp. 3d 182, 206 (S.D.N.Y. 2015) (quoting *Liang v. City of New York*, No. 10-cv-3089 (ENV) (VVP), 2013 WL 5366394, at *5 (E.D.N.Y. Sept. 24, 2013)).

In contrast, the emails Plaintiff affixes to her opposition to Defendant's motion to dismiss are not in the public record, not integral to the Complaint, nor are they incorporated by reference in the Complaint given that Plaintiff uses the emails to support new factual allegations not previously alleged. (*See* ECF No. 16, Pl. Opp. at 9-14[2]; ECF No. 16-2, Pl. Ex. 5 at 7-14.) Accordingly, the Court shall not consider these materials in evaluating the Complaint. *Brownstone Inv. Group, LLC v. Levey*, 468 F. Supp. 2d 654, 660 (S.D.N.Y. 2007) (declining to consider affidavits and exhibits affixed to plaintiff's opposition to defendants' motions to dismiss because "a complaint cannot be  modified by a party's

---

[2] Unless otherwise noted as a paragraph number in the Complaint, all pin citations to the record refer to the page number assigned by the Court's CM/ECF system.

affidavit or by papers filed in response to a dispositive motion to dismiss or for summary judgment") (citing *Streit v. Bushnell*, 424 F. Supp. 2d 633, 639 n.3 (S.D.N.Y. 2006); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)).

## III. Factual Background

The Court accepts the material factual allegations in Plaintiff's Complaint as true for the purpose of resolving Defendant's motion to dismiss under Rule 12(b)(6). *See Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023); *Schonholz v. Long Island Jewish Med. Center*, 858 F. Supp. 350, 352 (E.D.N.Y. 1994) ("In deciding the motion [to dismiss], the court must accept as true the material facts alleged in the complaint, and must construe all reasonable inferences in favor of the plaintiff."). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff, a resident of Suffolk County, alleges that her First Amendment rights were violated when, on January 18, 2024, the Town of Huntington Zoning Board Administration (the "ZBA") held a public hearing (the "January 18, 2024 Hearing") and did not permit her, or other members of the public, to present an oral public comment. (Compl. ¶¶ 27, 59.)

The January 18, 2024 Hearing arises out of a dispute regarding a commercial property located on East Main Street in Centerport,

New York (the "Property"). (Compl. ¶¶ 1-3.) The Property was previously owned by Ralph Colamussi[3] and used as a restaurant from 2009 to 2013. (Compl. ¶ 2.) During this time, the Property was granted certain zoning exceptions, such as a depth extension, plumbing certifications, and building permits. (Compl. ¶¶ 3, 11.) Plaintiff alleges that these zoning exceptions were illegal and would not have been granted under a proper review of conditions at the Property. (Compl. ¶ 8.) Between 2023 and 2024, a new owner of the Property (the "Property Owner") sought certain relief from the ZBA, including a continuation of the previously granted depth extension, to develop the Property from a restaurant into a mixed-use building. (Compl. ¶¶ 16-20.)

Prior to seeking relief from the ZBA, the Property Owner filed a pre-application with the Town of Huntington Planning Department (the "Planning Department") "represent[ing] that the restaurant use would be permanently vacated." (ECF No. 15-19, Def Ex. Q at 4.) The Planning Department denied the pre-application and sent the Property Owner to the ZBA for "two purposes and two opinions, also known as a decision." (ECF No. 15-19, Def Ex. Q at 4.) The

---

[3] As described in the Complaint, in 2017, a grand jury sitting in the Eastern District of New York returned a five-count indictment charging Mr. Colamussi—and co-defendant, Roberto Villanueva—with forced labor, conspiracy to commit forced labor, fraud in foreign labor contracting, inducement of an alien to illegally enter and reside in the United States, and visa fraud conspiracy. (Compl. ¶ 2; ECF No. 1-1, Compl. Ex. 1, Indictment at 3-19.) Plaintiff calls for a "close examination of the interaction between [Mr.] Colamussi, each of the then town officials involved in those approvals, and the legitimacy of the town grants, permits and leases" (Compl. ¶ 12.)

first purpose was to "eliminate the covenants requiring valet parking for a restaurant." (ECF No. 15-19, Def Ex. Q at 4.)   The second purpose sought "an opinion from the [ZBA] as to whether or not the depth extension would be affirmed or . . . run with the land." (ECF No. 15-19, Def Ex. Q at 4-5.)   The ZBA addressed these issues at a hearing held on August 3, 2023 (the "August 3, 2023 Hearing") during which "[t]here was numerous and plenty of citizen participation." (ECF No. 15-19, Def Ex. Q at 5.)   After the August 3, 2023 Hearing, the ZBA issued a decision "eliminat[ing] the covenants" and affirming the business depth extension for the Property. (ECF No. 15-19, Def Ex. Q at 5; ECF No. 15-9, Def. Ex G, ZBA Decision re App. 23091 (August 3, 2023 decision eliminating certain covenants and restrictions on the Property and determining the Special Use Permit for a Depth Extension runs with the land).)

### A.    The January 18, 2024 Hearing

Counsel for Petitioners the Centerport Harbor Civic Association (the "CHCA") and Anne Wesp (together the "CHCA Petitioners"), Darrin Berger, initiated the January 18, 2024 Hearing by filing a legal notice with the ZBA "attempting to appeal [an] in-house memorandum" the Planning Department sent to the ZBA in advance of the August 3, 2023 Hearing[4]   and "requesting an

---

[4] The in-house memorandum is attached to Defendant's motion to dismiss as Exhibit F.   (*See* ECF No. 15-8, Ex. F at 8-11.)

interpretation that the determination issued by the Zoning Board of Appeals in case 23091 was erroneously issued." (ECF No. 15-19, Def. Ex. Q at 5; ECF No. 1-3, Compl. Ex. 5 at 10.) Separately, on behalf of Anne Wesp and the Centerport Harbor Civic Association, Mr. Berger also filed an Article 78 petition with the Riverhead Supreme Court appealing the ZBA's August 3, 2023 decision. (ECF No. 15-19, Def. Ex. Q at 5-6; ECF No. 16-1, Pl. Ex. 1 at 1.)

ZBA Procedures for hearings provide that "on the hearing date, the applicant and any expert witnesses shall address the Board; with a ten-minute time limitation." (ECF No. 1-3, Compl. Ex. 4 at 2.) "After submission of the presentation by the applicant[,] any members of the public who wish to be heard and who have signed up to speak either in opposition or in support of the application may do so with a 3-minute time limitation per speaker. Members of the public are still required to submit their written comments to the Board prior to the hearing and the Board members will review all comments." (ECF No. 1-3, Compl. Ex. 4 at 2.) "In the event that opposition counsel or their experts wishes to speak in opposition to an application the ten-minute time frame on presentation will be imposed." (ECF No. 1-3, Compl. Ex. 4 at 2.)

Nevertheless, at the January 18, 2024 Hearing, the ZBA Chairman, W. Gerard Asher, announced that only attorneys for the Parties, Mr. Berger and counsel for the Property Owner, Mr. McCarthy, would be permitted to speak, and oral presentations by

members of the public comment would not be entertained, though written comments were permitted. (Compl. ¶¶ 47, 54, 56; ECF No. 1-3, Compl. Ex. 4, ZBA Procedures; ECF No. 15-16, Def. Ex. N, Written Public Submissions re Jan. 18, 2023 Hearing.) Specifically, the ZBA Chairman explained that "[t]o [his] knowledge, this [appeal of an in-house memorandum,] has never been done . . . [and the] right to be before [the ZBA] tonight is a legal issue. It is the only issue before the Board tonight. There is no . . . application [by the Property Owner] in existence. Therefore, [the ZBA] will hear arguments from Mr. Berger and a response from Mr. McCarthy. Both have presented writings to the Board." (ECF No. 15-19, Def. Ex. Q at 6.) The ZBA Chairman further explained that "[t]he misinformation surrounding this [P]roperty is legend" and noted that, at the time of the January 18, 2024 Hearing, there was no longer a pending application for "any purpose or use of [the Property]" as the Property Owner's application had already been decided. (ECF No. 15-19, Def. Ex. Q at 4-5.)

Ultimately, only Mr. Berger and Michael White, an attorney for the CHCA Petitioners and expert in environmental affairs, presented in favor of the CHCA Petitioners' application attempting to appeal the in-house memorandum and ZBA determination in Case 23091, and Mr. McCarthy presented in opposition on behalf of the Property Owner. (*See generally* ECF No. 15-19, Def. Ex. Q.) Mr.

Berger was also provided an opportunity to respond to Mr. McCarthy's arguments. (*Id.* at 50.) Thereafter, Mr. Berger attempted to call Ms. Wesp and the ZBA Chairman refused, stating, "I'm having no public input except lawyers. . . . This is a legal argument case only." (*Id.* at 50-51.) Another member of the public—specifically, an attorney who did not represent any party to the hearing—also attempted to present and was denied. (*Id.* at 51.) Thereafter, the ZBA Chairman closed the hearing. (*Id.* at 51.)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not contain detailed factual allegations, but must contain more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" or "naked assertions" devoid of "further factual enhancement." *Id.* Although Rule 8 of the Federal Rules of Civil Procedure "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a

minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (Summary Order) (internal quotation omitted).

In resolving a motion under Rule 12(b)(6), the Court must limit its consideration to the complaint, documents incorporated by reference into the complaint, documents not incorporated but nonetheless integral to the complaint, and matters properly subject to judicial notice. *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023) (citing *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)).

## DISCUSSION

### I.  Alleged First Amendment Violation

"Under the prevailing constitutional framework, speech restrictions imposed by the government on property that it owns[, here, the location of the Huntington ZBA Hearings,] are analyzed under a 'forum based' approach." *Hotel Emps. & Rest. Emps. Union, Loc. 100 v. City of N.Y. Dep't of Parks & Rec.*, 311 F.3d 534, 544 (2d Cir. 2002) (quoting *Int'l Soc'y for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 678 (1992)). "As a general matter, the government is permitted to exercise control over the public's use of government-owned property for expressive purposes, and the degree of control permitted depends upon the nature of the property and the speech restrictions imposed thereon." *Id.* (citing

*Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797, 799–80 (1985); *N.Y. Mag. v. Metro. Transp. Auth.*, 136 F.3d 123, 128 (2d Cir. 1998), *cert denied*, 525 U.S. 824 (1998)).

Here, the Parties do not dispute that speaking at a public hearing is a form of protected speech and that the "category of [government-owned] property" at issue is a limited public forum. *Hotel Emps.*, 311 F.3d at 544; (ECF No. 17, Def. Reply at 10; ECF No. 1, Compl. ¶ 52.)  A limited public forum is a "subset of the designated public forum . . . 'where the government opens a non-public forum but limits the expressive activity to certain kinds of speakers or to the discussion of certain subjects.'"  *Hotel Emps.*, 311 F.3d at 545 (quoting *N.Y. Mag.*, 136 F.3d at 128 n.2). Such restrictions on speaker identity are "permissible only if 'the distinctions drawn are [(1)] reasonable in light of the purpose served by the forum and [(2)] are viewpoint neutral.'"  *Bronx Household of Faith v. Cmty. Sch. Dist. No. 10*, 127 F.3d 207, 211–12 (2d. Cir. 1997) (quoting *Cornelius*, 473 U.S. at 806).

### A.    Reasonableness

First, Plaintiff has not plausibly alleged that the ZBA's restriction permitting only attorneys to speak at the January 18, 2024 Hearing was "unreasonable in light of the purpose served by the limited public forum." *Roth v. Levittown Union Free School District*, No. 23-cv-361 (RPK) (ARL), 2023 WL 6283253, at *2

(E.D.N.Y. Sept. 26, 2023).

A speech restriction is reasonable if "it is wholly consistent with the [government's] legitimate interest in preserving the property . . . for the use to which it is lawfully dedicated." *Make the Road by Walking, Inc. v. Turner*, 378 F.3d 133, 147 (2d. Cir. 2004) (alteration and omission in original) (quoting *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 50-51 (1983)). It "need not be the most reasonable or the only reasonable limitation." *Lee*, 505 U.S. at 683. "Significantly, the existence of 'alternative channels' of communication is a relevant factor in assessing the reasonableness of a restriction on speech in a limited public forum." *Tyler v. City of Kingston*, 74 F.4th 57, 63-64 (2d Cir. 2023) (quoting *Perry*, 460 U.S. at 53). Moreover, a reasonable restriction may prohibit disruptive behavior, as the Government has "a significant interest in conducting its meeting[s] in an orderly and effective fashion." *Madden v. Town of Hempstead*, No. 16-cv-6835 (SJF) (AKT), 2019 WL 1439935, at *15 (E.D.N.Y. Mar. 29, 2019).

Here, although certain ZBA hearings are open to public comment, the ZBA Chairman announced at the outset of the January 18, 2024 Hearing that the CHCA Petitioners' appeal to the ZBA presented a novel issue of law because there was no pending application from the Property Owner. (ECF No. 15-19, Def. Ex. Q at 7.) Accordingly, the ZBA intended to only hear legal arguments

from the Parties' attorneys, Mr. Berger, Mr. White, and Mr. McCarthy. (*Id.*) Moreover, the ZBA Chairman noted that the "misinformation surrounding this [P]roperty is legend" and that there had been "numerous and plenty of citizen participation" at the hearing on August 3, 2023 regarding the current Property Owner's requested zoning exceptions that were purportedly also at issue at the January 18, 2024 Hearing. (*Id.* at 4-5.)

Accordingly, considering these factual circumstances, it was reasonable for the ZBA to limit the January 18, 2024 Hearing only to attorney arguments, particularly as the issue before the ZBA was a novel issue of law regarding the CHCA Petitioners' standing to bring their appeal to the ZBA. Indeed, the ZBA's restriction on speaker identity at the January 18, 2024 Hearing allowed the hearing to proceed in "an orderly and effective fashion," in light of these complicated legal issues and the "legendary" "misinformation" surrounding the Property. *Madden*, 2019 WL 1439935, at *15; (ECF No. 15-19, Def. Ex. Q at 4.)

Moreover, members of the public were provided an "'alternative channel[ ]' of communication" as they were permitted to submit comments in writing to the ZBA prior to the January 18, 2024 Hearing and had the opportunity to be heard at the August 3, 2023 Hearing. *Tyler*, 74 F.4th at 63; (ECF No. 15-1, Def. Mem. at 14.) Although Plaintiff herself neglected to submit a written

comment prior to the January 18, 2024 hearing,[5] numerous members of the public did submit documentary evidence and written comments to the ZBA, a factor which weighs in favor of reasonableness. *See Tyler*, 74 F.4th at 63-64; (ECF No. 15-16, Def. Ex. N.)

Thus, for the reasons set forth above, the Court finds that Plaintiff has not adequately alleged that the speaker-based restriction at the January 18, 2024 Hearing was unreasonable in relation to the ZBA's "common-sense interest in running efficient and orderly meetings." *Tyler*, 74 F.4th at 64 (affirming the district court's finding that a sign prohibition at city counsel meetings was reasonable in relation to the purpose of the limited public forum).

**B.   Viewpoint Neutrality**

Second, Plaintiff has failed to plausibly allege that the ZBA's speaker-based "restriction discriminates on the basis of viewpoint." *Roth*, 2023 WL 6283253, at *3.  The practice of excluding non-lawyers from presenting at the hearing is "viewpoint neutral on its face because it 'draws no distinction between groups based on their message or perspective.'" Roth, 2023 WL 6283253, at *3 (quoting *Christian Legal Soc'y Chapter of the Univ of. Cal.,*

---

[5] As Defendant accurately points out, even if members of the public were permitted to present a public comment at the January 18, 2024 Hearing, Plaintiff would not have been permitted to present orally because she failed to submit a written comment in advance, as is required by ZBA Hearing Procedures. (*See* ECF No. 1-3, Compl. Ex. 4 at 2 (noting members of the public could present a public comment after presentation by the Petitioner, but were also "required to submit their written comments to the Board prior to the hearing").)

*Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 694 (2010)).  Rather than targeting the "particular views taken by speakers on a subject," the record before the Court reflects that this restriction applied equally to all members of the public present at the hearing who were not attorneys representing a Party in the proceeding, regardless of the viewpoints they sought to express. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995).

Plaintiff's arguments to the contrary are unavailing. Plaintiff argues that anyone who signed up to speak at the January 18, 2024 Hearing had an "absolute right to speak for three minutes" and she was not permitted to speak allegedly because she "had specific information, which the government was aware of, which would have devastated the ZBA's illegal determination to continue to gift town parkland to a private developer under an illegal legislative act by the ZBA."  (ECF No. 16, Pl. Opp. at 17-18.)  As set forth above, the Parties do not dispute that the January 18, 2024 Hearing was a limited public forum and it is well settled that, in a limited public forum, the government may "exercise control over the public's use of government-owned property for expressive purposes" within certain limits. *Hotel Emps.*, 311 F.3d at 544.  Consequently, there is no "absolute right" to speak at a ZBA hearing under these circumstances. *See Carew-Reid v. Metropolitan Transp. Auth.*, 903 F.2d 914, 919 (2d Cir. 1990)

("[t]he First Amendment . . . does not guarantee [the public] access to every or even the best channels or locations for their expression.").

Moreover, even assuming *arguendo* that Plaintiff did have information the ZBA was aware of that would have "devastated" the ZBA's determination on the Property Owner's application, the restriction on public comment at the January 18, 2024 Hearing was nevertheless viewpoint neutral as it imposed a speaker-based restriction that applied equally to all citizens who were not attorneys representing either of the Parties to the hearing. *See Christian Legal*, 561 U.S. at 694-95 (finding a policy to be "textbook viewpoint neutral" where it "draws no distinction between groups based on their message or perspective"); *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 341 (2010) (recognizing speaker-based restrictions as valid when they are "based on an interest in allowing governmental entities to perform their functions"); *Matal v. Tam*, 582 U.S. 218, 243 (2017) (acknowledging that "[w]hen government creates [a limited public forum], in either a literal or 'metaphysical' sense, some content- and speaker-based restrictions may be allowed") (quoting *Rosenberger*, 515 U.S. at 830-31)). Thus, the Court finds that there are no plausible allegations in the complaint that the speaker-based restriction on speech at the January 18, 2024 Hearing discriminated based on viewpoint.

Accordingly, for the reasons set forth above, the Court finds that the speaker-based restrictions imposed at the January 18, 2024 Hearing were both reasonable and viewpoint neutral and Plaintiff has failed to allege a violation of the First Amendment. Plaintiff's Complaint is, therefore, dismissed.

## II. Leave to Amend

Having concluded that Plaintiff fails to state a claim against Defendant, the Court further concludes that Plaintiff will not be granted leave to amend the Complaint as amendment would be futile. As an initial matter, the Court notes that Plaintiff declined the Court's previous offer to amend the Complaint, (*See* ECF No. 12, Order dated Oct. 7, 2024), and, moreover, did not request leave to amend or provide any indication as to how amendment may cure her pleading defects in connection with her opposition to Defendant's motion to dismiss.

Although, a court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend is left to a court's discretion and a court cannot err in exercising that discretion by "failing to grant a request that was not made." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 126 (2d Cir. 2013) (affirming dismissal with prejudice where plaintiff "never made a formal motion to amend" and opposition to defendant's motion to dismiss "failed to request that the amended complaint be dismissed without prejudice") (quoting *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir.

2011)).  The Court accordingly finds no reason to grant Plaintiff an opportunity to amend, particularly when Plaintiff herself did not request such relief.

Further, justice does not require granting leave to amend under these circumstances.  Leave to amend may be denied when it "appears that granting leave . . . is unlikely to be productive." *Yerdon v. Henry*, 91 F.3d 370, 378 (2d Cir. 1996) (affirming denial of leave to file second amended complaint with additional allegations where plaintiff failed to add such allegations to first amended complaint).  Here, Plaintiff was given the opportunity to amend her Complaint after receiving Defendant's motion to dismiss and failed to do so.  Moreover, Plaintiff has not indicated what facts, if any, she could plead to survive dismissal if provided an opportunity to amend her complaint.  Finally, as noted above, Plaintiff has not requested leave to amend her complaint at this stage.  Accordingly, this case is dismissed with prejudice and without leave to re-plead.

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.  Plaintiff's claims are hereby **DISMISSED** with prejudice.  The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and

to close this case.

**So ordered.**

Dated:      September 12, 2025
            Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York